IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YASMIN VELAZQUEZ : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 2:11-CV-00263 |
| NCO FINANCIAL SYSTEMS, INC. : | |
| : | |
| Defendant. : | |
| : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                               **MAY 31, 2011**

Presently before the Court is Defendant, NCO Financial Systems, Inc.'s ("NCO") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] For the reasons stated below, we will deny NCO's Motion.

**I.    FACTS**

This is a case relating to alleged violations of The Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C. § 1692, et seq. NCO is a national debt collection agency located in Horsham Pennsylvania. Plaintiff, Yasmin Velazquez ("Velazquez"), is an individual residing in California. In January of 2010, Velazquez received a letter from NCO that was addressed to her

---

[1] Rule 12(b)(6) states:

    (b)    Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required . But a party may assert the following defenses by motion:

    (6)    failure to state a claim upon which relief can be granted

Fed. R. Civ. P. 12(b)(6).

and mailed to her current address. The heading of NCO's letter stated, "Your Account May be Credit Reported!" (Compl. Ex. A.) This statement was followed by an explanation that "subject to your dispute and validation rights provided below, if you fail to resolve this account, we may report the account to all national credit bureaus." (Id.) The letter informed Velazquez that NCO was attempting to collect a debt on behalf of AT&T in the amount of $470.46 and directed her to "put [its] internal account number QOS102 on [her] check or money order" to "ensure proper credit." (Id.) The letter further apprised Velazquez of her "right to dispute the validity of the debt or any portion thereof" within 30 days of receipt of the letter. (Id.) Despite being apprised of her rights to dispute the debt, Velazquez did not do so.

Velazquez claims that she has never had an account with AT&T and was, furthermore, not then involved in a dispute with AT&T. (Id. ¶ 20.) Moreover, Velazquez asserts that NCO admitted that account number QOS102 was actually a Telecom account. (Id. ¶ 24.) Based on this information, Velazquez alleges that NCO sought to collect a debt from her despite the fact that it had no knowledge of its validity, and that NCO acted with willful, reckless, negligent and wanton disregard for her rights in an attempt to coerce her into paying the alleged debt. (Id. ¶¶ 25-26.)

On January 14, 2011, Velazquez commenced this suit by filing a single count Complaint in this Court alleging multiple violations of the FDCPA. In particular, Velazquez alleges that NCO violated § 1692(d)[2] by harassing her in connection with the collection of an alleged debt;

---

[2] This section provides: "A debt collector may not engage in any conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C.A. § 1692(d).

§1692(e)[3] by using false, deceptive, or misleading representations or means in connection with the collection of a debt; §1692(e)(10)[4] by using false representations or deceptive means to collect or attempt to collect a debt; and §1692(f)[5] by using unfair and unconscionable means to collect or attempt to collect a debt. (Id. ¶ 30(b)-(g).) In addition, Velazquez includes two catch-all allegations that NCO "violated the FDCPA generally" and that it "acted in an otherwise deceptive, unfair, and unconscionable manner and failed to comply with the FDCPA." (Compl. ¶¶ 30(a)-(f).)

On April 11, 2011, NCO filed a Motion to Dismiss the Complaint arguing that Velazquez was required to avail herself of the dispute procedures outlined in 15 U.S.C. § 1692(g)[6] prior to instituting suit, and that sending one mistaken letter does not constitute a violation of the FDCPA as a matter of law. On April 22, 2011, Velazquez filed a Response in Opposition arguing that: (1) she has standing to bring a claim; (2) compliance with § 1692(g)'s dispute procedures is not a prerequisite to filing a claim in this Court; (3) § 1692(g) is otherwise inapplicable as she is not a "consumer;" and (4) NCO's defense of mistake may not properly be disposed of on the instant Motion.

---

[3] This section provides: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e).

[4] This section provides: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692(e)(10).

[5] This section provides: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692(f).

[6] This section provides that, if the consumer notifies the debt collector within 30 days of receiving the notice of the debt, that she is disputing the debt, the debt collector shall cease all debt collection activities until it obtains verification of the debt. 15 U.S.C. § 1962(g)(b).

## II. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). Under Rule 12(b)(6), the defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). In Bell Atl. Corp. v. Twombly, the Supreme Court stated that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. 544, 555 (2007). Following Twombly, the Third Circuit has explained that the factual allegations in the complaint may not be "so undeveloped that it does not provide a defendant the type of notice which is contemplated by Rule 8." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Moreover, "it is no longer sufficient to allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of [the proscribed] conduct.'" Id. (alteration in original) (quoting Twombly, 550 U.S. at 563 n.8). Furthermore, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 234 (quoting Twombly, 550 U.S. at 555). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Id. (quoting Twombly, 550 U.S. at 556).

Notwithstanding Twombly, the basic tenets of the Rule 12(b)(6) have not changed. The Knit With v. Knitting Fever, Inc., No. 08-4221, 2009 U.S. Dist. LEXIS 30230, at *6 (E.D. Pa. Apr. 8, 2009). The general rules of pleading still require only a short and plain statement of the

claim showing that the pleader is entitled to relief, not detailed factual allegations. Phillips, 515 F.3d at 231. Moreover, when evaluating a motion to dismiss, the court must accept as true all well-pleaded allegations of fact in the plaintiff's complaint, and must view any reasonable inferences that may be drawn therefrom in the light most favorable to the plaintiff. Id.; Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

## III. DISCUSSION

The FDCPA is intended to "eliminate abusive debt collection practices by debt collectors [and] to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse." 15 U.S.C.A. § 1692(e). "The FDCPA provides a [statutory] remedy for consumers who have been subjected to abusive, deceptive, or unfair debt collection practices by debt collectors." Piper v. Portnoff Law Assoc., Ltd., 396 F.3d 227, 232 (3d Cir. 2005). The FDCPA is a remedial statute, and courts are to construe its language broadly to effect its purposes. Brown v. Card Serv. Ctr., 446 F.3d 450, 453 (3d Cir. 2006).

### A. Whether Velazquez was Obligated to Dispute the Debt Prior to Filing Suit

NCO argues that Velazquez's suit is improperly before us because a plaintiff must invoke the dispute procedures of § 1692(g) prior to taking legal action. In support of its argument, NCO cites to Bleich v. Revenue Maximization Group, Inc., 233 F. Supp. 2d 496 (E.D. N.Y. 2002) and

5

Palmer v. I.C. Sys., Inc., No. C-04-03237, 2005 WL 3001877 at *5 (N.D. Cal. Nov. 8, 2005).[7] Both cases dealt with FDCPA claims at the summary judgment stage and held that a plaintiff cannot state a cause of action solely based upon the collector's attempt to collect an invalid debt without following the dispute procedures provided in § 1692(g). 233 F. Supp. 2d at 497, 501; 2005 WL 3001877 at *1, 5.

In Bleich, the plaintiff received treatment at a hospital and paid the total amount due the same day. 233 F. Supp. 2d at 497. Due to the hospital's error, it continued to seek payment, despite the fact that the plaintiff contacted it several times and provided it with a copy of the $25 cancelled check. Id. The hospital referred the plaintiff's account to a collector, who sent the plaintiff a collection letter stating that the amount was "seriously in arrears." Id. at 497-98. Rather than disputing the debt pursuant to § 1692(g), the plaintiff sued the collector alleging that it violated § 1692(e) and § 1692(e)(10) by making false representations in connection with the collection of a debt. Id. at 498. The court noted that the collection letter adequately apprised the plaintiff of her rights to dispute the debt under the FDCPA. Id. at 501. As such, the court held that an allegation that a debt is invalid, standing alone, is insufficient to form the basis of a lawsuit alleging fraudulent or deceptive practices in connection with the collection of a debt. Id. The court further held that a plaintiff alleging that a debt is invalid is required to follow the "clear

---

[7] NCO also cites Reed v. Afni, Inc., No. 2:09-CV-495, 2011 WL 112430 (D. Utah Jan 13, 2011) (adopting Bleich); Lindbergh v. Transworld Sys. Inc., 846 F. Supp. 175 (D. Conn. 1994) (§ 1692(e) prohibits only knowing or intentional misrepresentations by debt collectors so plaintiff must dispute debt prior to bringing suit); Richmond v. Higgins, 435 F. 3d 825 (8th Cir. 2006) (collector's attempts to collect an undisputed debt did not violate the FDCPA); and Daniel v. Asset Acceptance L.L.C., No.06-15600, 2007 WL 3124640 (E.D. Mich. Oct. 23, 2007) (adopting Bleich). However, NCO's analysis is confined to Bleich and Palmer and we will limit our discussion accordingly.

and orderly procedure set forth in the FDCPA" and may not institute an immediate lawsuit alleging that the letter violates the FDCPA. Id.

In Palmer, the collector sent the plaintiff a collection letter demanding an amount that reflected contractual and statutory damages, which the creditor added to the original amount of the debt. 2005 WL 3001877 at *4. The plaintiff alleged that the collector attempted to collect an invalid debt in violation of § 1692(f)(1), which prohibits the collection of any amount unless expressly authorized by the agreement creating the debt or permitted by law and § 1692(e), which prohibits the use of false or misleading misrepresentations in the collection of a debt. Id. The Palmer plaintiff, like the plaintiff in Bleich, did not dispute the debt pursuant to § 1692(g), but immediately filed suit. Id. The court noted that, while § 1692(g) does not create a standing requirement that the plaintiff dispute the debt in writing within thirty days of receiving the notice, a plaintiff who does not attempt to contact the collector to contest the debt cannot assert a cause of action under the FDCPA solely based upon the collector's attempt to collect an invalid debt. Id. at *5.

Velazquez contends that the FDCPA's dispute process in § 1692(g) is inapplicable to her because she is not a "consumer" as defined by the Act because she never owed a debt to AT&T, Telecom, or NCO. We disagree. Section 1692(a)(3) defines "consumer" as "any natural person obligated or *allegedly* obligated to pay a debt." 15 U.S.C.A. § 1692(a)(3) (emphasis added). According to the Complaint, NCO demanded payment from Velazquez and even threatened to report the collection to credit reporting bureaus. The Complaint thus alleges that NCO alleged Velazquez to be obligated to pay a debt. It follows that Velazquez is a consumer under the FDCPA. See Diaz v. D.L. Recovery Corp., 486 F. Supp. 2d 474, 477 (3d Cir. 2007).

Next, we find that Velazquez, was not required to dispute the debt pursuant to § 1692(g) prior to filing suit. First, at least one district court has disagreed with the rationale of Bleich and Palmer. See Burdett v. Harrah's Kan. Casino Corp., 294 F. Supp. 2d 1215, 1227 (D. Kan. 2003). In Burdett, the plaintiff sued the collector alleging that it violated various provisions of the FDCPA by attempting to collect a debt from her deceased father before it knew he was deceased. Id. at 1224-25. The collector moved for summary judgment arguing that the deceased never disputed the debt. Id. at 1227. The court denied summary judgment stating, "[the collector] is not entitled to summary judgment, however, just because [plaintiff and her deceased father] did not dispute the validity or request verification of the debts." Id. NCO argues that Burdett is inapplicable because the plaintiff in that case alleged that the collector sent multiple communications, including phone calls whereas, here, Velazquez is solely alleging that she does not owe a debt. NCO's attempt to distinguish this case are unconvincing as the court did not consider the number or manner of communications sent to the plaintiff in its analysis of whether to grant summary judgment on this issue.

Second, contrary to NCO's assertions, Velazquez is not solely alleging that the debt is invalid and her case is somewhat more complex than those above. For instance, Velazquez alleges that NCO misstated the identity of the creditor and harassed her by threatening to report a collection to the credit reporting bureaus for an account she never had. She also alleges that NCO's conduct amounts to unfair and unconscionable collection practices. Therefore, we find that Velazquez narrowly escapes the purview of Bleich and Palmer.[8] Accordingly, we find that

---

[8] We also note that the courts in Bleich and Palmer had the benefit of a developed factual record, which we lack considering the Complaint is the only filed pleading aside from this Motion.

8

Velazquez is not precluded from bringing suit by reason of her failure to dispute the debt.

### B. Whether Velazquez May Bring a Claim Under the FDCPA

NCO next argues that its single mistaken attempt to collect the alleged debt cannot, as a matter of law, form the basis of a lawsuit premised on the FDCPA. In support of her argument that "a debt collection letter that is sent and addressed to the wrong person is a violation of the FDCPA," Velazquez cites two cases. (Pl.'s Opposition at 10.) They are Stuart v. AR Res., Inc., No. 10-3521, 2011 WL 904167 (E.D. Pa. March 16, 2011) and Dutton v. Wolhar, 809 F. Supp. 1130 (D. Del. 1992).

In Stuart, the plaintiff sued a collector who attempted to collect a debt from her that was incurred by a member of her family. 2011 WL 904167 at *4. In deciding the Rule 12(b)(6) motion to dismiss, the court noted that "Courts within the Third Circuit have consistently held that an attempt to collect a debt from a non-debtor constitutes a 'false misrepresentation' as to the character or status of the debt in violation of 1692(e)." Id. (citing Beattie v. D.M. Collections, Inc., 754 F. Supp. 383, 292 (D. Del. 1991)). The court then found that the plaintiff adequately pled a § 1692(e)(10) claim because, by alleging that the collector attempted to collect a debt which she did not owe, she raised a reasonable inference that the collector used a false representation as a means of debt collection. Id.

In Dutton, sibling plaintiffs sued a collector for attempting to collect debts incurred by their deceased parents. 809 F. Supp. at 1133. The court found that the collector violated § 1692(e) by sending and addressing a collection notice to one of the plaintiffs, which stated that she was indebted to a creditor, because, under the least sophisticated consumer standard, she would reasonably believe that she was obligated to pay a debt. Id. at 1136.

NCO argues that Stuart and Dutton are inapplicable because, unlike the collectors in those cases, it attempted to collect a debt from an individual identified as the debtor and not from a third party. NCO, however, while pointing out a difference, does not offer an explanation of its significance, if any.[9] In both cases the crucial inquiry was whether the collector led the plaintiffs to believe that they were obligated to pay a debt that they did not owe. 2011 WL 904167 at *4; 809 F. Supp. at 1136. For our purposes, whether the plaintiff is identified as the debtor or is a third party who is led to believe she owes a debt is immaterial to determining whether Velazquez has stated a claim.

Furthermore, our own research reveals that a plaintiff may have a cause of action where the collector mistakenly attempts to collect a debt from the wrong individual. See Beattie, 754 F. Supp. at 382; Anchondo v. Anderson, Crenshaw & Assocs., L.L.C., 583 F. Supp. 2d 1278 (D.N.M. 2008). In Beattie, the collector sent a collection letter to the wrong individuals and the court found that collectors may be found in violation of § 1692(e)(2)(A) for such an act.[10] 754 F. Supp. at 392. In Anchondo, the plaintiff purchased a home security system but stopped paying the monthly service fees when she thought it was defective. 583 F. Supp. 2d at 1279. The home

---

[9] NCO also claims the instant matter is distinguishable from Stuart and Dutton because it acted in error. For purposes of a Rule 12(b)(6) motion, we must accept as true all well-pleaded allegations of fact in the plaintiff's complaint, and must view any reasonable inferences that may be drawn therefrom in the light most favorable to the plaintiff. Phillips, 515 F.3d at 231. Velazquez alleges that NCO was not mistaken, but acted willfully, recklessly, wantonly or negligently. Thus, at this time, we accept as true these allegations.

[10] Claims under § 1692(e)(2)(A) and § 1692(e)(10) are closely related and are often brought in conjunction with one another. Stuart, 2011 WL 904167 at *4 n.2 (citing Aronson v. Commercial Fin. Servs., Inc., No. CIV. A 96-2113, 1997 WL 1038818 at *4 (W.D. Pa. Dec. 22, 1997)). Accordingly, a plaintiff's decision to allege a violation of § 1692(e)(10) rather than § 1692(e)(2)(A) has no bearing on the sufficiency of the claim. Id. Thus, Beattie applies to Velazquez's § 1692(e)(10) claim.

security provider referred the plaintiff's account to a collection agency whose agent called the plaintiff and left her a voicemail. Id. The voicemail requested that the plaintiff return their call but did not state that the they were a collection agency or that it was attempting to collect a debt. Id. After receiving the voicemail, the plaintiff filed suit. Id. The court held that the plaintiff "presented sufficient allegations to present a prima facie case that . . . [the] debt collector, violated her rights, under the FDCPA." Id. at 1280. In light of the foregoing, we find that demanding payment from the wrong individual, even where the collector mistakenly sends one letter may give rise to a claim under the FDCPA as a matter of law.

IV. **CONCLUSION**

We find that the FDCPA does not require a plaintiff such as Velazquez to dispute the debt prior to filing suit. Furthermore, we find that attempting to collect a debt from the wrong individual by sending one letter can give rise to a claim under the FDCPA as a matter of law. Therefore, we deny NCO's Motion to Dismiss.

An appropriate Order follows.